## McCaffrey *v.* Philadelphia, Appellant.

Argued April 29, 1966.   Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John M. McNally, Jr.,* Deputy City Solicitor, with him *Franklin D. Rubin,* Assistant City Solicitor, *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*James D. McCrudden,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1966:
The plaintiff, Edward McCaffrey, was injured when his car, which was moving northwardly on Marshall Street in Philadelphia, collided with a car owned by the defendant City of Philadelphia, and operated by one of its employees westwardly on Master Street. The plaintiff recovered a verdict and the defendant has

appealed, asking for judgment n.o.v., urging contributory negligence as a matter of law.

The question involved here was strictly one of fact. The plaintiff testified that as he approached Master Street he observed the defendant's car on that street, moving toward the intersection, "slowing down, coming to a stop." He, the plaintiff, assumed the defendant's driver was giving him the right of way and he accelerated. The defendant's driver then accelerated. This double acceleration produced the inevitable. When the defendant's driver saw what was about to happen, he did the last thing that a person should do while driving a car—he took his hands off the wheel and covered his face. Justice would have to do the same thing if it were to announce, in this posture of affairs, that the plaintiff was guilty of contributory negligence as a matter of law.

A long opinion here would be supererogatory. The plaintiff did not test a known danger, he did not move blindly into an intersection, as apparently did the defendant's driver. When the plaintiff noted that the defendant's driver, after decelerating, suddenly accelerated, he, the plaintiff, slammed on his brakes and swerved to the left to avoid the car plunging ahead with no hand at the wheel and a faceless driver behind the windshield.

On these facts, the jury found the defendant negligent and the plaintiff free of contributory negligence. The record supports the jury's factual conclusion and the applicable law requires an affirmance of the judgment entered in the Court below.

Affirmed.

Mr. Justice COHEN dissents.